### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-40031-01-JAR |
| ) | |
| RAYMON IGLEHEART, JR., ) | |
| ) | |
| Defendant. ) | |
| ) | |

### MEMORANDUM AND ORDER

On October 29, 2012, the Court sentenced Defendant Raymon Igleheart, Jr. to 120 months' imprisonment. This matter is before the Court on Defendant's pro se Motion for Sentence Reduction (Doc. 75), seeking a two-level reduction under Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G.") and 18 U.S.C. § 3582(c)(2). The Government objects to the request (Doc. 78). For the reasons explained below, the Court denies Defendant's motion.

On April 5, 2012, Defendant pled guilty to Count 1, conspiracy to possess with the intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Defendant's plea carried a statutory mandatory minimum term of ten years' imprisonment.[1] In anticipation of sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR") using the 2011 edition of the United States Sentencing Commission Guidelines Manual ("Guidelines" or "U.S.S.G.").[2] The PSR found Defendant accountable for 6.86 kilograms of methamphetamine, corresponding to a base offense level of

---

[1] 21 U.S.C. § 841(b)(1)(A)(viii).

[2] Doc. 29.

36, pursuant to U.S.S.G. § 2D1.1(c)(2). To this base offense level, the PSR added a two-level enhancement under § 2D1.1(b)(1) because Defendant possessed a firearm; added a two-level enhancement under § 3B1.1(c) because of Defendant's enhanced roll in the offense; and subtracted three levels under § 3E1.1 to reflect Defendant's acceptance of responsibility.[3] Defendant's total offense level was calculated at 37; cross-referenced with his criminal history category of I, the resulting Guidelines range was 210 to 262 months' imprisonment.[4] The Court granted the Government's Motion to Reduce Sentence Pursuant to U.S.S.G. § 5K1.1,[5] and October 29, 2012, this Court sentenced Defendant to the mandatory minimum sentence of 120 months.[6]

Relying on Amendment 782 to the Guidelines, Defendant seeks a two-level reduction to his base offense level to reflect the amendment to § 2D1.1(c).[7] A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.[8] Amendment 782 did not have the effect of lowering Defendant's applicable Guidelines sentencing range because Defendant's sentence was set at the mandatory minimum established by 21 U.S.C. § 841(b)(1)(A) (viii), the sentencing provision under which he was convicted.[9]

---

[3]*Id.* ¶¶ 41–48.

[4]*Id.* ¶ 81.

[5]Doc. 58.

[6]Doc. 64.

[7]Amendment 782 took effect on November 1, 2014, and lowered the offense levels applicable to offenses involving cocaine base by revising the drug quantity tables in U.S.S.G. § 2D1.1(c). *See* U.S.S.G. App. C. Supp., amend. 782 (Nov. 1, 2014).

[8]*See* 18 U.S.C. § 3582(c); *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

[9]*See* Statement of Reasons, Doc. 65 at § II.B.

Moreover, the Guidelines required that the mandatory minimum sentence be imposed, rather than the Guidelines sentence calculated under § 2D1.1.[10] Thus, because Defendant was sentenced based on a statutorily mandated minimum sentence, rather than a sentencing range produced by application of § 2D1.1, this Court lacks authority under § 3582(c)(2) to grant his motion, and the motion must be dismissed.[11]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 of the United States Sentencing Guidelines (Doc. 75) is **dismissed.**

**IT IS SO ORDERED.**

Dated: February 6, 2017

                                         S/ Julie A. Robinson

                                         JULIE A. ROBINSON

                                         UNITED STATES DISTRICT JUDGE

---

[10]*See* U.S.S.G. § 5G1.1(c)(2) (stating a district court may impose any sentence within the Guidelines sentencing range provided that the sentence "is not less than any statutorily required minimum sentence.").

[11]*See* U.S.S.G. § 1B1.10(a)(2) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range."); *see also United States v. White*, 765 F.3d 1240, 1246 (10th Cir. 2014) ("As the plain language of the statute makes clear, a district court is authorized to reduce a sentence under § 3582(c)(2) *only if* the defendant was originally 'sentenced to a term of imprisonment *based on a sentencing range* that has subsequently been lowered by the Sentencing Commission.' Under this court's well-settled precedent, '[a] sentence is 'based on a sentencing range' when the court imposes the sentence after calculating the range derived from the *defendant's offense level and criminal-history category*.") (internal citation and footnote omitted; emphasis and alteration in the original)); *United States v. Smartt*, 129 F.3d 539, 542 (10th Cir. 1997).

4